**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-7717

TROY D. CARTWRIGHT,

    Plaintiff - Appellant,

   v.

D. MEADE, Correctional Officer; OFFICER MCQUEEN, Intelligence Officer; MR. ANDERSON, Lieutenant; DAVID ROBINSON, Former Chief Warden at WRSP, currently Eastern District Regional Director VDOC; L. W. HUFFMAN, Regional Director, Western District VDOC,

    Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, District Judge.  (7:08-cv-00250-GEC-MFU)

Submitted:  November 20, 2008   Decided:  December 2, 2008

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Troy D. Cartwright, Appellant Pro Se.  William W. Muse, Assistant Attorney General, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy D. Cartwright appeals the district court's order granting summary judgment in favor of the defendants on his claims brought under 42 U.S.C. § 1983 (2000). Cartwright raises only one issue in his informal brief. See 4th Cir. R. 34(b) (pro se appellants may obtain appellate review of only those issues explicitly raised in their informal briefs). Cartwright maintains that the district should not have granted defendants' motion for summary judgment without allowing discovery. Plaintiff does not address his failure to file an affidavit under Fed. R. Civ. P. 56(f) seeking a continuance to allow him to conduct whatever additional discovery he needed to adequately rebut Defendants' motion for summary judgment.

This court has recognized that "[a]s a general rule, summary judgment is appropriate only after 'adequate time for discovery.'" Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). However, as this court has also acknowledged, "We, like other reviewing federal courts, place great weight on the Rule 56(f) affidavit, believing that '[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit.'" Id. (quoting

2

Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995). In Evans, we cited with approval the Second Circuit's holding that "' the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" Id. (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994)).

We therefore find no reversible error and affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED